IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SAM GRIFFIN,
    Petitioner,

vs.                                         Case No.: 5:17cv117/MCR/MJF

JULIE JONES,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Petitioner's amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 16). Respondent filed a motion to dismiss the petition as untimely, with portions of the state court record (ECF No. 30). Petitioner responded in opposition to the motion (ECF No. 34).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of the issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the

undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted.

I.   BACKGROUND AND RELEVANT PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 30).[1] Petitioner was charged in the Circuit Court in and for Washington County, Florida, Case No. 2006-CF-372, with one count of trafficking in cannabis (excess of 25 pounds) (Ex. A at 6). A jury trial was conducted on November 29, 2007, which resulted in a mistrial (*see* Ex. A at 41; Ex. D at 36–164). A second trial was conducted on January 8, 2008, which resulted in the jury's finding Petitioner guilty as charged (*see* Ex. A at 42, 51; Ex. E). The court adjudicated Petitioner guilty and sentenced him to thirty years of imprisonment, with a three-year mandatory minimum and jail credit of 206 days (Ex. A at 43–50).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D08-1065 (*see* Exs. F, G, H). The First DCA affirmed the judgment per curiam without written opinion on October 5, 2009, with the mandate

---

[1] Unless otherwise indicated, citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 30). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

issuing October 21, 2009 (Exs. I, J). *Griffin v. State*, 18 So. 3d 1040 (Fla. 1st DCA 2009).

On December 21, 2010, Petitioner filed a Motion for Extension of Time to File Motion for Post-conviction Relief in the state circuit court (Ex. K). The circuit court denied the motion for extension of time on January 28, 2011 (Ex. L). Petitioner did not file any applications for post-conviction relief in the state courts until October 20, 2011, when he filed a Petition for Writ of Habeas Corpus Alleging Ineffective Assistance of Appellate Counsel in the First DCA (Ex. LLL). The next day, on October 21, 2011, Petitioner filed a motion for post-conviction relief in the circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. M at 1–14). The state courts' dispositions of those applications, and the details of Petitioner's subsequent state court filings, are irrelevant to the timeliness issue presented in Respondent's motion to dismiss.

Petitioner commenced the instant federal habeas action on April 17, 2017 (ECF No. 1 at 12).

II.   ANALYSIS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 30 at 13). Petitioner does not argue that a different statutory trigger applies.

The judgment of conviction becomes final, for purposes of § 2244(d)(1)(A), upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court. The 90-day period runs from the date of entry of the judgment sought to be reviewed. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006). Federal Rule of Civil Procedure 6(a)

provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

Calculating the finality date in Petitioner's case, the 90-day period for seeking certiorari review in the United States Supreme Court was triggered by the First DCA's affirmance in the direct appeal, on October 5, 2009, and it expired 90 days later, on January 4, 2010. Therefore, the federal statute of limitations began to run the next day, on January 5, 2010. Petitioner had one year from that date, or until January 5, 2011, to file his § 2254 petition. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing *Ferreira v. Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period. *See* 28 U.S.C. § 2244(d)(2). Here, Petitioner filed a motion for extension of time to file a Rule 3.850 motion in the state circuit court on December 21, 2010; however, that motion did not qualify as a tolling motion under § 2244(d)(2).

*See Howell v. Crosby*, 415 F.3d 1250, 1251 (11th Cir. 2005) (request for extension of time to file motion for state post-conviction relief did not toll AEDPA's statute of limitations). Petitioner did not file any tolling motions prior to expiration of the federal filing deadline on January 5, 2011; therefore, statutory tolling does not save his § 2254 petition, which was filed over six years later, from dismissal as untimely. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner argues he is entitled to equitable tolling of the limitations period. He alleges, "If determined to be untimely, Petitioner qualifies for equitable tolling due to state created impediment" (ECF No. 16 at 27).[2] "Because the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, the Supreme Court has held § 2244(d) does not bar the application of equitable tolling in an appropriate case." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

---

[2] Citations to the parties' pleadings refer to the page numbers automatically assigned by the court's electronic filing system.

his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).

Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the subject case. *See Holland*, 560 U.S. at 649–50; *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012). The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory. *See Hutchinson*, 677 F.3d at 1099. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citation and quotation marks omitted); *see also Smith v. Comm'r, Ala. Dep't of Corr.*, 703 F.3d 1266, 1271 (11th Cir. 2012) (per curiam) (acknowledging that petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts" (internal quotation marks omitted)).

Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period. *See Cole*, 768 F.3d

at 1158 (quotation marks and citation omitted). A habeas petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing. *Id.* (citation omitted). Additionally, for equitable tolling to apply, there must be a causal connection between the extraordinary circumstances and the failure to file on time. *See Thomas v. Att'y Gen.*, 795 F.3d 1286, 1292 (11th cir. 2015). Absent a causal connection, tolling is not available. *Id.*

Here, Petitioner does not include any specific allegations regarding the "state created impediment" he faced. His conclusory allegation is insufficient to meet his burden of establishing his entitlement to equitable tolling. *See Hutchinson*, 677 F.3d at 1099.

In Petitioner's response to Respondent's motion to dismiss, he appears to assert an additional ground for equitable tolling (*see* ECF No. 34). Petitioner peppers his response with assertions that his trial counsel, Richard Adkison, "was responsible for reviewing the Petitioner's case, researching the potential issues that would be viable or legally cognizable for a post-conviction motion, and thereafter submit all meritorious claims to the state trial court" (*see id.* at 3, 4, 5).

"[Equitable] [t]olling based on counsel's failure to satisfy AEDPA's statute of limitations is available only for 'serious instances of attorney misconduct.'" *Christeson v. Roper*, — U.S. —, 135 S. Ct. 891, 894, 190 L. Ed. 2d 763 (2015)

(quoting *Holland*, 560 U.S. at 651–52). Ordinary negligence, illustrated by "a simple miscalculation that leads a lawyer to miss a filing deadline," does not amount to serious attorney misconduct. *See id.* at 651–52 (quotation marks omitted). Neither does good faith gross negligence—such as miscalculating a filing deadline and "repeatedly assur[ing] [the petitioner] that [AEDPA's limitations period] did not begin to run until after the denial of his state post-conviction motion," based solely on a misreading of the relevant statute without additional legal research. *See Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216 1234, 1237 (11th Cir. 2017). This is in contrast to bad faith, dishonesty, divided loyalty, and an attorney's mental impairment, which can constitute serious attorney misconduct. *See id.* at 1236. Abandonment—illustrated by not keeping a client updated on essential developments, not responding to a client's questions or concerns, and severing communication with a client—can as well. *See id.* at 1234 (citing *Holland*, 560 U.S. at 652).

"In considering whether the conduct of counsel was extraordinary, we will not dissect the continuing course of conduct in which counsel engaged, but rather view counsel's behavior as a whole." *Downs*, 520 F.3d at 1323. In keeping with that approach, attorney misconduct may qualify as extraordinary, even if it was only negligent or grossly negligent at times, as long as the misconduct is sufficiently serious on the whole. *See Holland*, 560 U.S. at 652; *see also Downs*, 520 F.3d at 1323.

In other words, acts of ordinary or gross negligence will not strip otherwise serious attorney misconduct of its extraordinary character. *See Holland*, 560 U.S. at 652; *see also Downs*, 520 F.3d at 1323. Thus, a petitioner may still establish serious attorney misconduct even if his attorney acted appropriately, negligently, or grossly negligently at times. *See Holland*, 560 U.S. at 652; *see also Downs*, 520 F.3d at 1323.

The court does not need to decide whether the petitioner has established that his attorney's misconduct rose to the level of an "extraordinary circumstance," if the petitioner has not carried his burden of showing that he pursued his rights diligently. *See e.g., Melson v. Comm'r, Ala. Dep't of Corr.*, 713 F.3d 1086, 1089 (11th Cir. 2013); *Hutchinson*, 677 F.3d at 1103. And, as previously discussed, for equitable tolling to apply, there must be a causal connection between the extraordinary circumstances and the failure to file on time. *See Thomas*, 795 F.3d at 1292.

Here, Petitioner's mere assertion of his belief that Attorney Adkison was responsible for presenting post-conviction claims to the state court does not support a showing of abandonment as that concept has developed in *Holland*, *Cadet*, and *Maples v. Thomas*, 565 U.S. 266, 132 S. Ct. 912, 181 L. Ed. 2d 807 (2012).[3] Nothing

---

[3] Notably, Petitioner does allege he actually retained Attorney Adkison to represent him in state post-conviction proceedings.

in the record suggests abandonment.[4] Furthermore, Petitioner has not alleged any type of serious misconduct that would warrant equitable tolling. Additionally, Petitioner has not alleged any facts suggesting he made any efforts, let alone reasonably diligent efforts, to pursue his federal rights or ascertain the federal filing deadline. Therefore, Petitioner has not met his burden of establishing entitlement to equitable tolling of the federal limitations period.

III.   CONCLUSION

Petitioner did not file his federal habeas petition within the one-year limitations period set forth in § 2244(d)(1). Further, Petitioner failed to show that he qualifies for statutory or equitable tolling of the limitations period, or that he qualifies for federal review of his claims through any recognized exception to the time bar. Therefore, Respondent's motion to dismiss should be granted, and the habeas petition dismissed as untimely.

IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of

---

[4] Indeed, Petitioner did not mention Attorney Adkison, or counsel in general, in his motions requesting an extension of time to file his Rule 3.850 motion and amended motion (*see* Exs. K, O). Petitioner filed his Rule 3.850 motion and amended Rule 3.850 motion pro se (*see* Exs. M, Q).

appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 30) be **GRANTED**.

2. That the amended habeas petition (ECF No. 16) be **DISMISSED as untimely**.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 29th day of November 2018.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**